BLANK ROME LLP
A Pennsylvania LLP
New Jersey Resident Partner
JONATHAN KORN
301 Carnegie Center, Third Floor
Princeton, NJ 08540
609-750-7700

Attorneys for Defendants,
Aurobindo Pharma Limited.,
Aurobindo Pharma USA, Inc.
Aurolife Pharma LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OTSUKA PHARMACEUTICAL CO., LTD., Plaintiff, v. AUROBINDO PHARMA LIMITED, AUROBINDO PHARMA USA, INC. and AUROLIFE PHARMA LLC, Defendants. | CIVIL ACTION NO. 14-3306-JBS-KMW **ELECTRONICALLY FILED** |

DEFENDANTS' ANSWER AND COUNTERCLAIMS

Defendants Aurobindo Pharma Limited, Aurobindo Pharma USA, Inc., and Aurolife Pharma LLC (collectively "Aurobindo") by and through its undersigned counsel, hereby answers the Complaint of plaintiff Otsuka Pharmaceutical Co., Ltd. ("Otsuka") as follows:

The Parties

1. Aurobindo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint.

2. Admitted.

3. Admitted.

4. Admitted.

Nature Of The Action

5. Aurobindo admits that this action arises under Title 35, United States Code § 100 *et seq*. for alleged infringement of U.S. Patent Nos. 8,017,615 ("the '615 patent"), 8,580,796 ("the '796 patent"), and 8,642,760 ("the '760 patent") (collectively, the "patents in suit"). Aurobindo admits that Aurobindo Pharma Limited filed an Abbreviated New Drug Application ("ANDA") under Section 505(j) of the Federal Food, Drug and Cosmetic Act seeking U.S. Food and Drug Administration ("FDA") approval to manufacture, use, sell, offer to sell and import generic aripiprazole before the expiration of the patents in suit.

Jurisdiction And Venue

6. Aurobindo admits that this court has subject matter jurisdiction under 28 U.S.C. § 1338(a).

7. For the purposes of this action only, Aurobindo Pharma Limited consents to personal jurisdiction of this Court.

8. For the purposes of this action only, Aurobindo Pharma Limited consents to personal jurisdiction of this Court.

9. Aurobindo Pharma USA admits that this Court has personal jurisdiction for the purposes of this action.

10. Aurolife Pharma LLC admits that this Court has personal jurisdiction for the purposes of this action.

11. Denied.

12. Denied.

13. Aurobindo admits that venue is proper in this judicial district based on 28 U.S.C. § 1400(b).

First Count for Patent Infringement

14. Admitted.

15. Aurobindo lacks sufficient information to either admit or deny the allegations of this paragraph.

16. Aurobindo lacks sufficient information to either admit or deny the allegations of this paragraph.

17. Aurobindo denies the allegations in this paragraph, because the allegations do not represent a complete description of the specification and the claims.

18. Admitted.

19. Admitted.

20. Admitted.

21. Aurobindo admits that Aurobindo Pharma Limited submitted ANDA No. 20-3908 to the FDA seeking approval to manufacture, use, sell, offer to sell, and import Aurobindo Pharma Limited's generic aripiprazole products in the United States.

22. Aurobindo admits that Otsuka received a letter from Aurobindo Pharma Ltd. dated April 10,2 014, (Aurobindo Pharma Ltd.'s letter") including a Notice of Certification for ANDA No. 20-3908 under 21 U.S.C. §§ 355(j)92)(B)(ii)(I) and (iv)(I); and 21 C.F.R. §§ 314.95(c)(1) and (c)(6)(i)-(ii) as to the '615 patent.

23. Admitted.

24. Denied.

25. Denied.

26. Denied.

Second Count For Patent Infringement

27. Aurobindo incorporates herein its responses to paragraphs 18, 20, 21 and 23.

28. Admitted.

29. Aurobindo lacks sufficient information to either admit or deny the allegations of this paragraph.

30. Aurobindo lacks sufficient information to either admit or deny the allegations of this paragraph.

31. Aurobindo denies the allegations in this paragraph, because the allegations do not represent a complete description of the specification and the claims.

32. Admitted.

33. Aurobindo admits that Aurobindo Pharma Ltd.'s letter included a Notice of Certification for ANDA No. 20-3908 under 21 U.S.C. §§ 355(j)92)(B)(ii)(I) and (iv)(I); and 21 C.F.R. §§ 314.95(c)(1) and (c)(6)(i)-(ii) as to the '796 patent.

34. Denied.

35. Denied.

36. Denied.

Third Count For Patent Infringement

37. Aurobindo incorporates its responses to paragraphs 18, 20, 21 and 23.

38. Admitted.

39. Aurobindo lacks sufficient information to either admit or deny the allegations of this paragraph.

40. Aurobindo lacks sufficient information to either admit or deny the allegations of this paragraph.

41. Aurobindo denies the allegations in this paragraph, because the allegations do not represent a complete description of the specification and the claims.

42. Admitted.

43. Aurobindo admits that Aurobindo Pharma Ltd.'s letter included a Notice of Certification for ANDA No. 20-3908 under 21 U.S.C. §§ 355(j)92)(B)(ii)(I) and (iv)(I); and 21 C.F.R. §§ 314.95(c)(1) and (c)(6)(i)-(ii) as to the '760 patent.

44. Denied.

45. Denied.

46. Denied.

## Prayer For Relief

The allegations contained in the Prayer for Relief do not require a response, but Aurobindo denies that Otsuka is entitled to any relief.

## AFFIRMATIVE DEFENSES

47. Aurobindo has not, directly or indirectly, infringed any claim of the '615 patent.

48. Aurobindo has not, directly or indirectly, infringed any claim of the '796 patent.

49. Aurobindo has not, directly or indirectly, infringed any claim of the '760 patent.

50. Otsuka's Complaint fails to state a claim upon which relief can be granted

51. The '615 patent is invalid under one or more provisions of the patent statute, including 35 U.S.C. §§ 101, 102, 103, and 112 *et seq*., and double patenting.

52. The '796 patent is invalid under one or more provisions of the patent statute, including 35 U.S.C. §§ 101, 102, 103, and 112 *et seq*., and double patenting

53. The '760 patent is invalid under one or more provisions of the patent statute, including 35 U.S.C. §§ 101, 102, 103, and 112 *et seq*., and double patenting.

COUNTERCLAIMS

Defendants/Counterclaimants Aurobindo Pharma Limited, Aurobindo Pharma USA, Inc., and Aurolife Pharma LLC (collectively "Aurobindo") bring the following Counterclaims against Plaintiff/Counterclaim Defendant Otsuka Pharmaceutical Co., Ltd. ("Otsuka").

The Parties

1. Aurobindo Pharma Limited is a corporation organized and existing under the laws of India with its principal place of business at Plot No. 2, Maitri Vihar, Ameerpet, Hyderabad-500 038, Andhra Pradesh, India.

2. Aurobindo Pharma USA, Inc. is a corporation organized and existing under the laws of Delaware, having its principal place of business at 6 Wheeling Road, Dayton, NJ 08810.

3. Aurolife Pharma LLC is a corporation organized and existing under the laws of Delaware, having its principal place of business at 2400 Route 130 North, Dayton, NJ 08810

4. Upon information and belief, Otsuka Pharmaceutical Co., Ltd. is a corporation organized and existing under the laws of Japan having its corporate headquarters at 2-9 Kanda Tsukasa-machi, Chiyoda-ku, Tokyo, 101-8535, Japan.

The Patents In Suit

5. The patents in suit are U.S. Patent Nos. 8,017,615 ("the '615 patent"), 8,580,796 ("the '796 patent"), and 8,642,760 ("the '760 patent"). Aurobindo Pharma Limited submitted a Paragraph IV certification pursuant to 21 U.S.C. § 355(j) with respect to each of the patents in suit.

Jurisdiction And Venue

6. Aurobindo brings this action for declaratory judgment of patent non-infringement and invalidity against Otsuka. This action arises under the Federal Declaratory Judgment Act, 28

U.S.C. §§ 2201 and 2202 and the Patent Laws of the United States, 35 U.S.C. §§ 101 *et seq*. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7. On May 23, 2014, Otsuka filed a complaint against Aurobindo alleging infringement of the patents in suit.

8. A justiciable controversy exists for the patents in suit, because Otsuka has alleged infringement of these patents.

9. This court has personal jurisdiction over Otsuka, because it has purposely availed itself the privileges of this court through the filing of a complaint in this district alleging infringement of the patents in suit.

10. Upon information and belief, venue is proper under 28 U.S.C. §§ 1391(b) and (c).

<u>First Counterclaim</u>

11. Aurobindo has not infringed and is not infringing any of the asserted claims of the '615 patent, either literally or under the doctrine of equivalents.

12. Aurobindo is entitled to a declaratory judgment that it does not infringe any of the asserted claims of the '615 patent.

<u>Second Counterclaim</u>

13. Aurobindo has not infringed and is not infringing any of the asserted claims of the '796 patent, either literally or under the doctrine of equivalents.

14. Aurobindo is entitled to a declaratory judgment that it does not infringe any of the asserted claims of the '796 patent.

<u>Third Counterclaim</u>

15. Aurobindo has not infringed and is not infringing any of the asserted claims of the '760 patent, either literally or under the doctrine of equivalents.

16. Aurobindo is entitled to a declaratory judgment that it does not infringe any of the asserted claims of the ‘760 patent.

Fourth Counterclaim

17. The ‘615 patent is invalid under one or more provisional of the patent code, including 35 U.S.C. §§ 101, 102, 103, and 112 *et seq*., and double patenting.

18. Aurobindo is entitled to a declaratory judgment that the ‘615 patent is invalid.

Fifth Counterclaim

19. The asserted claims of the ‘796 patent are invalid under one or more provisions of the patent statute, including 35 U.S.C. §§ 101, 102, 103, and 112 *et seq*. and double patenting.

20. Aurobindo is entitled to a declaratory judgment that the asserted claims of the ‘796 patent are invalid.

Sixth Counterclaim

21. The asserted claims of the ‘760 patent are invalid under one or more provisions of the patent code, including 35 U.S.C. §§ 101, 102, 103, and 112 *et seq*. and double patenting.

22. Aurobindo is entitled to a declaratory judgment that the asserted claims of the ‘760 patent are invalid.

Prayer For Relief

WHEREFORE, Aurobindo requests relief against Otsuka as follows:

(a) The dismissal of each and every count of Otsuka’s Complaint;

(b) A declaratory judgment that Aurobindo has not infringed and does not infringe, directly or indirectly, any asserted claim of the ‘615 patent;

(c) A declaratory judgment that each and every asserted claim of the ‘615 patent is invalid;

(d) A declaratory judgment that Aurobindo has not infringed and does not infringe, directly or indirectly, any asserted claim of the '796 patent;

(e) A declaratory judgment that each and every asserted claim of the '796 patent is invalid;

(f) A declaratory judgment that Aurobindo has not infringed and does not infringe, directly or indirectly, any asserted claim of the '760 patent;

(g) A declaratory judgment each and every asserted claim that the '760 patent is invalid;

(h) A determination that this case is exceptional and that the costs of this action and reasonable attorneys' fees incurred be awarded to Aurobindo under 35 U.S.C. § 285; and

(i) Such other and further relief as the Court deems just and proper.

Dated: November 14, 2014

/s/ *Jonathan Korn*_________

Jonathan Korn
BLANK ROME, LLP
A Pennsylvania LLP
301 Carnegie Center, Third Floor
Princeton, NJ 08540
Telephone: 609-750-7700
Fax: 609-750-7701

Christopher K. Hu
BLANK ROME, LLP
A Pennsylvania LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
Telephone: 212.885.5000
Fax: 212.885.5001

Brian Wm. Higgins
Minh-Quan K. Pham
BLANK ROME, LLP
A Pennsylvania LLP
600 New Hampshire Ave., NW
Washington, DC 20037
Phone: 202-772-5800
Fax: 202-772-5858

DEFENDANTS' CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, defendants Aurobindo Pharma Limited, Aurobindo Pharma USA, Inc., and Aurolife Pharma LLC, through their undersigned counsel, certify that the matter in controversy is also the subject of the following Court proceedings:

| | **Court** | **Civil Action No.** |
|---|---|---|
| Otsuka Pharmaceutical Co., Ltd. v. Actavis Elizabeth LLC et al. | District Court for the District of New Jersey | 1:14cv7106 |
| Otsuka Pharmaceutical Co., Ltd. v. Lupin Limited et al. | District Court for the District of New Jersey | 1:14cv7105 |
| Otsuka Pharmaceutical Co. Ltd. v. Teva Pharmaceuticals USA, Inc. et al | District Court for the District of New Jersey | 1:14cv6398 |
| Otsuka Pharmaceutical Co., Ltd. v. Ajanta Pharma Limited et al. | District Court for the District of New Jersey | 1:14cv5876 |
| Otsuka Pharmaceutical Co., Ltd. v. Teva Pharmaceuticals USA, Inc. et al. | District Court for the District of New Jersey | 1:14cv5878 |
| Otsuka Pharmaceutical Co., Ltd. v. Zhejiang Huahai Pharmaceutical Co., Ltd. et al. | District Court for the District of New Jersey | 1:14cv5537 |
| Otsuka Pharmaceutical Co., Ltd. v. Mylan Inc. et al. | District Court for the District of New Jersey | 1:14cv4508 |
| Otsuka Pharmaceutical Co., Ltd. v. Sun Pharmaceutical Industries Ltd. et al. | District Court for the District of New Jersey | 1:14cv4307 |
| Otsuka Pharmaceutical Co., Ltd. v. Intas Pharmaceuticals Limited et al. | District Court for the District of New Jersey | 1:14cv3996 |
| Otsuka Pharmaceutical Co., Ltd. v. Zydus Pharmaceuticals Usa Inc. Et Al | District Court for the District of New Jersey | 1:14cv3168 |
| Otsuka Pharmaceutical Co., Ltd. v. Alembic Pharmaceuticals Limited et al. | District Court for the District of New Jersey | 1:14cv2982 |
| Otsuka Pharmaceutical Co., Ltd. v. Wockhardt Bio Ag et al. | District Court for the District of New Jersey | 1:14cv1979 |
| Otsuka Pharmaceutical Co., Ltd. v. Torrent Pharmaceuticals Limited et al. | District Court for the District of New Jersey | 1:14cv1078 |

Dated: November 14, 2014

/s/ *Jonathan Korn*_________

Jonathan Korn
BLANK ROME, LLP
A Pennsylvania LLP
301 Carnegie Center, Third Floor
Princeton, NJ 08540
Telephone: 609-750-7700
Fax: 609-750-7701

Christopher K. Hu
BLANK ROME, LLP
A Pennsylvania LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
Telephone: 212.885.5000
Fax: 212.885.5001

Brian Wm. Higgins
Minh-Quan K. Pham
BLANK ROME, LLP
A Pennsylvania LLP
600 New Hampshire Ave., NW
Washington, DC 20037
Phone: 202-772-5800
Fax: 202-772-5858